County; P. O. Beard, Judge. R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Harrison county of the offense of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The record before us contains no bills of exception. The charge of the court presents sufficiently the law of the offense charged against appellant, and the indictment is in approved form, charging in the second count the offense of transporting intoxicating liquor. There is no dispute in the statement of facts of the proposition that appellant carried two quarts of whisky from his buggy across a public street and secreted it in a gin house. There is evidence in the record of the fact that on the same day he talked to others about letting them have whisky.

The facts showing 'appellant to have transported two quarts of intoxicating liquor, and the jury having fixed what they regarded as the proper punishment, this court has no option but to affirm the judgment, and it is so ordered.

———

Roy MITCHELL v. STATE. (No. 7818.) (Court of Criminal Appeals of Texas. Oct. 10, 1923.) Appeal from District Court, McLennan County; Richard I. Munroe, Judge. R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of McLennan county of murder, and his punishment fixed at death.

It appearing to the satisfaction of this court that since the above judgment the accused has been executed, the appeal herein is abated.

———

Townie PRESCOTT v. STATE. (No. 7371.) (Court of Criminal Appeals of Texas. June 27, 1923. Rehearing Denied Oct. 17, 1923.) Appeal from District Court, Brazos County; W. C. Davis, Judge. Buffington & Leigh, of Anderson, and Henderson & Ranson, of Bryan, for appellant. R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

This is a companion case with that of Szymanski v. State, which is reported in 93 Tex. Cr. R. 631, 248 S. W. 380. The appellant Prescott was a companion of Szyman-

ski, and the facts of the two cases are identical; likewise the legal questions involved.

Without reiterating them, an affirmance of the judgment is ordered.

#### On Motion for Rehearing.

LATTIMORE, J. We have again reviewed the facts in this case and are unable to arrive at any different conclusion from that formerly reached by us. While the car in which the liquor was being conveyed was actually driven by Szymanski, it and its contents seem to have been under the control and direction and in the possession of this appellant, and the facts amply support the proposition that he was equally if not more implicated in the transportation of the liquor in question than any one else. Nor can we agree to the proposition that there was not sufficient evidence before the jury to justify them in believing the liquor intoxicating in character.

Appellant's motion for rehearing will be overruled.

———

Rex RUTLAND v. STATE. (No. 8158.) (Court of Criminal Appeals of Texas. Oct. 24, 1923.) Appeal from District Court, Harrison County; P. O. Beard, Judge. R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Harrison county of the offense of manufacturing intoxicating liquor, and his punishment fixed at three years in the penitentiary.

Affidavits properly sworn to have been filed in this case showing the death of the appellant on the 28th day of September, 1923. The appeal, therefore, will be abated.

———

Jim WILLIAMS v. STATE. (No. 7713.) (Court of Criminal Appeals of Texas. Oct. 10, 1923.) Appeal from District Court, Houston County; W. R. Bishop, Judge. R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Conviction is for selling intoxicating liquor with an assessed punishment of three years in the penitentiary.

There are no bills of exception in the record. The state's evidence is amply sufficient to support the verdict. Appellant denied the transaction and offered testimony supporting his contention, but the jury has settled the issues of fact in favor of the state, and we observe nothing which would authorize this court to disturb their finding.

The judgment is affirmed.